John A. BYERLY, Trustee et al., Appellants and Appellees,

v.

Harry M. NIELSEN et al., Appellees and Appellants.

No. 5847.

Court of Civil Appeals of Texas.

El Paso.

July 26, 1967.

Rehearing Denied Sept. 6, 1967.

Locke, Purne, Boren, Laney & Neely, Larry M. Lesh, Harold B. Pressley, Dallas, for appellants.

Stubbeman, McRae, Sealy & Laughlin, Hamilton E. McRae, F. H. Pannill, Midland, for appellees.

## OPINION

PRESLAR, Justice.

Harry M. Nielsen, North Central Oil Corporation, S. P. Johnson, Jr., Mrs. Constance E. Byers, Robert E. Byers, Ronald J. Byers, and J. M. Salas filed this suit in trespass to try title against John A. Byerly, Trustee of the Estate of J. W. Grant, to recover title to an undivided $\frac{1}{32}$ of the usual $\frac{1}{8}$ non-participating royalty in Sections 5 and 13, Block 45, Township 1 North, T. & P. Ry. Co. Survey, Ector County, Texas. Plaintiffs also included a count for declaratory judgment.

Trial was to the court without a jury, resulting in judgment for title and possession in favor of Nielsen and North Central Oil corporation for $\frac{1}{64}$ of the $\frac{1}{8}$ royalty, title and possession of $\frac{1}{64}$ of the $\frac{1}{8}$ royalty to John A. Byerly, Trustee, and a "take-nothing" judgment as to the other plaintiffs above named. All parties appeal. We affirm.

J. W. Grant, at the time of his death in 1932, was the record owner in Ector County of $\frac{1}{16}$ of the $\frac{1}{8}$ royalty, but in 1941 a deed, dated 1927, from him to one B. H. Gibson conveying a $\frac{1}{32}$ interest, was placed of record. The plaintiffs each acquired and placed of record their interests after the death of J. W. Grant and prior to 1941. They hold title under J. W. Grant's widow, Hattie Grant.

J. W. Grant devised his estate in trust, naming John A. Byerly as Trustee. He died a resident of Pennsylvania, but an ancillary administration was had in Tarrant County, Texas, in which his widow Hattie Grant, elected to take against the will and receive her $\frac{1}{2}$ of the community estate. By the probate proceedings in Tarrant County it was determined that she receive a $\frac{1}{32}$ of the royalty here involved and the Trustee receive a like $\frac{1}{32}$. A partition suit in the District Court of Tarrant County, followed by a partition deed, also divided the royalty $\frac{1}{32}$ to Hattie and $\frac{1}{32}$ to the trustee, Byerly. Byerly has never conveyed, but Hattie conveyed a $\frac{1}{64}$, which at the time of trial, was owned by plaintiffs Nielsen and North Central Oil; and subsequent to that conveyance, she conveyed another $\frac{1}{64}$, which at the time of trial was owned by the other plaintiffs—those who took nothing by the judgment.

Thus the combined interests of the plaintiffs amounted to $\frac{1}{32}$ (acquired from Hattie) and the interest of the defendant Byerly was $\frac{1}{32}$, until the 1941 recording of the deed to Gibson. Gibson is not a party to this suit. The parties hereto have not seen fit to place his $\frac{1}{32}$ interest in issue, and it must therefore be subtracted from the $\frac{1}{16}$ owned by Grant at the time of his death, so far as this suit is concerned. This leaves only $\frac{1}{32}$ to meet the claims of plaintiffs for $\frac{1}{32}$ and the claim of the defendant for $\frac{1}{32}$.

The record in this case consists of rather brief testimony by Byerly, plus the instruments (with their recording data) relied on by the parties to substantiate their claims of title. The judgment of the trial court divided the $\frac{1}{32}$ equally between the plaintiffs and the defendant—$\frac{1}{64}$ to those claiming under the widow, Hattie, and $\frac{1}{64}$ to the Trustee, Byerly. That judgment did not, in a strict sense, take anything from the defendant and give it to

the plaintiff. It recites, in part: "* * * the purpose and effect of this judgment being to recognize and vest title to an undivided ⅟₆₄ of the ⅛ royalty in both sections in Harry M. Nielsen and North Central Oil Corporation in equal portions and to recognize and vest title in John A. Byerly, Trustee, to an undivided ⅟₆₄ of the ⅛ royalty in said two sections." The judgment reduced the amount claimed by the plaintiffs and defendant in the proportion that their common source was reduced. It was stipulated that J. W. Grant was the common source of title. Plaintiffs sought, by their trespass to try title suit, to prove a title in themselves superior to that of the defendant, and by a second count to seek a declaration of the respective interests owned by the parties. All that was proved was that a late-filed deed reduced the amount of interest owned by all by ½.

Various theories of estoppel are urged, but we see no principle of law or equity which would permit either party to recover from the other under this record. The widow and Trustee were co-administrators of the estate of J. W. Grant. In the partition suit, commissioners appointed by the court gathered and divided the property, and the partition deed was entered into in keeping with such division. By such deed, each bound his heirs and assigns fully from any claim by the other:

"TO HAVE AND TO HOLD THE above described premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging unto the said John A. Byerly, Trustee, his heirs and assigns forever, so that neither she, the said Hattie Grigsby Grant, nor her heirs, nor any person or persons claiming under her, shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances, or any part thereof, * * *."

Byerly executed a warranty in the same language to Hattie Grant. The position of Hattie and Byerly as co-administrators was equal, so that the mistake as to the quantity can no more be charged to one than to the other. The error in quantity having now been established in a suit in which their successors in interest are parties, the correction of that mistake by the judgment rendered in this case was proper under plaintiffs' second count. As indicated, that judgment took nothing from one and gave it to the other; the only change it made in the position of the parties as they came into court was to reduce the quantity. This had the legal effect, under our recording statutes, of wiping out the interests claimed by plaintiffs S. P. Johnson, Jr., Mrs. Constance E. Byers, Robert E. Byers, Ronald J. Byers, and J. M. Salas. Their interests totaled ⅟₆₄, and at the time it was purchased from Hattie, she had nothing to convey, since she had previously sold the ⅟₆₄ which is now owned by Nielsen and Central Oil.

All assignments of error by all parties have been considered and each is overruled. The judgment of the trial court is affirmed.